UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    CASE No. 1:23-CR-95

RASHAD MALEEK TRICE,

    HON. ROBERT J. JONKER

    Defendant.

_____/

**ORDER**

Defendant Trice is charged with two counts of kidnapping in violation of 18 U.S.C. § 1201(a)(1).[1] (ECF No. 19). On December 13, 2023, Defendant filed a motion to dismiss the Indictment under Fed. R. Crim. P. 12(b)(1) and (2). (ECF No. 38). In his motion, Defendant claims that the Supreme Court's decision in *United States v. Lopez,* 514 U.S. 549 (1995) requires dismissal because Section 1201 exceeds Congress's Commerce Clause powers as applied to him. Defendant further seeks dismissal on the basis that the government will fail to prove the jurisdictional element of the federal kidnapping statute that is met when "the offender travels in interstate commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense." 18 U.S.C. § 1201.

*Lopez* set out "three broad categories of activity that Congress may regulate under its commerce power. *Lopez*, 514 U.S. 549, 558 (1995). "First, Congress may regulate the use of the

---

[1] Count 1 of the Indictment further alleges that the kidnapping resulted in the minor victim's death.

channels of interstate commerce.  Second, Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities.  Finally, Congress' commerce authority includes the power to regulate those activities having a substantial relation to interstate commerce." *Id.* at 558-559 (internal citations and parenthetical quotations omitted).  Defendant claims that Section 1201, as applied to him, does not fall within any of the three *Lopez* categories.  However, as he himself recognizes, his argument is foreclosed by binding precedent from the Sixth Circuit Court of Appeals.  Defendant claims those cases were wrongly decided, and he sets out various reasons why he believes this is so.  The government agrees there is binding Sixth Circuit case law that is on point; and it sets out its reasons why it believes those cases were correctly decided.  The Court need not wade any deeper into the matter because it agrees with the parties that there is Sixth Circuit authority directly on point.  In *United States v. Windham*, 53 F.4th 1006 (6th Cir. 2022), the Sixth Circuit concluded the federal kidnapping statute survived constitutional scrutiny where the matter involved the intrastate use of a cell phone and automobile.  The holding is directly applicable here, and is fatal to Defendant's motion.

Defendant claims, however, that the government will nevertheless be unable to prove that an instrumentality of interstate commerce was used in committing or in furtherance of the commission of the offense.  But this argument is premature.  A district court may hear, by pretrial motion, defenses that can be determined without a trial on the merits.  FED. R. CRIM. P. 12(b)(3).  "Generally, motions are capable of determination before trial if they raise questions of law rather than fact." *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976).  While pretrial motions may challenge the legal sufficiency of an indictment, a motion to dismiss must not be a "summary trial of the evidence."  *See United States v. United Memorial Hosp.* No. 1:01-CR-238, 2002 WL

2

33001119, at *5 (W.D. Mich. July 23, 2002) (Enslen, J.) (quoting *United States v. Marra*, 481 F.2d 1196, 1199-12300 (6th Cir. 1973)).  "An indictment is sufficient (in the terms of stating an offense[ ]) if it alleges conduct satisfying every element of the charged offense." *United States v. Maddux*, 917 F.3d 437, 443 (6th Cir. 2019) (citing FED. R. CRIM. P. 12(b)(3)(B)(v)).  The Indictment here does so.  Whether the government's proofs fail on an essential element of the crime charged is an issue for Rule 29 after the government's proofs at trial.

**ACCORDINGLY, IT IS ORDERED** that Defendant's Motion (ECF No. 38) is **DENIED.**


Dated:   January 12, 2024              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE