UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

RASHAD MALEEK TRICE,

        Defendant.

_____/

No. 1:23-cr-95

Hon. ROBERT J. JONKER
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Rashad Trice and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. **Defendant Agrees to Plead Guilty**. Defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges Defendant with Kidnapping Resulting in Death, in violation of Title 18, United States Code, Section 1201(a).

2. **Defendant Understands the Crime**. In order for Defendant to be guilty of violating Title 18, United States Code, Section 1201(a), the following must be true:

    a. Defendant seized, confined, kidnapped, abducted, or carried away the victim;

    b. Defendant did so for ransom, reward, or any other reason;

    c. Defendant willfully traveled in interstate commerce or used any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense;

      d.    the victim's death resulted from the kidnapping; and

      e.    Defendant was not the parent, grandparent, brother, sister, aunt, uncle, or legal custodian of the victim.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

3.    <u>Defendant Understands the Penalty</u>.  The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1201(a), is the following:

| | |
|---|---|
| Imprisonment: | Life |
| Fine: | $250,000 |
| Supervised Release: | Not more than 5 years |
| Special Assessment: | $100 |

4.    <u>Mandatory Minimum Sentence</u>.  The statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 1201(a), is lifetime imprisonment.

5.    <u>Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation</u>.

      a.    <u>Assessment</u>. Defendant agrees to pay the special assessment on the day of sentencing.

      b.    <u>Restitution</u>. Defendant acknowledges the Court will order restitution as required by law.  Pursuant to Title 18 U.S.C. §§ 3663A and 3663(a)(3), Defendant agrees to pay restitution for losses to all victims, including victims of the count of conviction, victims of dismissed counts, and victims of uncharged relevant conduct in which Defendant has been involved.

The amount of restitution is currently unknown and will be determined by the Court at sentencing.

    c.    <u>Financial Cooperation</u>. Defendant also:

    i.    agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents, or releases requested to access records to verify the financial information within 30 days of the date of this plea agreement;

    ii.    agrees that any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately, any payment plan set by the Court represents a minimum payment obligation, and the United States may immediately enforce the judgment in full; and

    iii.    agrees that prior to sentencing, he will not sell or give away any asset worth $5,000 or more, without first notifying the U.S. Attorney's Office. Defendant also agrees to notify the U.S. Attorney's Office of any proceeding, such as foreclosure or divorce, that may impact Defendant's financial condition.

6.    <u>Probation Revocation</u>.  Defendant understands that if Defendant is presently on probation in another case, the conviction in this case may result in revocation of such probation.

7. <u>Supervised Release Defined</u>.  Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements.  Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. <u>Factual Basis of Guilt</u>.  Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

> On or about July 2, 2023, Defendant kidnapped the minor victim from her home in Lansing, Michigan.  Defendant did this because of a dispute with the victim's mother.  Defendant was not the victim's parent, grandparent, brother, sister, aunt, uncle, or legal custodian.

> Defendant took the victim and drove in a Chevrolet Impala, via I-496, I-96, and I-696, to the Detroit area.  Throughout the night, Defendant repeatedly played a YouTube video on the internet in an attempt to pacify the victim.  Defendant took the victim to an alley between Olympia Street and Edgewood Avenue in Detroit, where he strangled the victim to death with a pink cell phone cord.

> Defendant acknowledges that he used several means of interstate or foreign commerce in committing or in furtherance of the commission of this kidnapping—namely, the Impala manufactured outside the State of Michigan, the interstate highway system, his cell phone that was manufactured outside the State of Michigan, cellular communication networks, the internet, and a video on YouTube that was uploaded outside the State of Michigan.

9. <u>Dismissal of Other Counts/Charges</u>.  The U.S. Attorney's Office agrees to move to dismiss the remaining count of the Indictment against Defendant at the time of sentencing.

10. <u>Acceptance of Responsibility</u>.  The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1.  Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

11. <u>The Sentencing Guidelines</u>.  Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant.  Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed.  Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may

impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

12. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

13. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

  c. The right to confront and cross-examine witnesses against Defendant.

  d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

  e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

  f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

14. <u>FOIA Requests.</u>  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. <u>The Court is not a Party to this Agreement</u>.  Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  Defendant further understands that, even if the Court

ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

16. **This Agreement is Limited to the Parties**. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

17. **Consequences of Breach**. If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and

forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

18. <u>This is the Complete Agreement</u>.  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.  No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

                                                                      MARK A. TOTTEN
                                                                      United States Attorney

March 21, 2024
Date
                                                                      JONATHAN ROTH
                                                                      Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_3-21-2024_  
Date

_____  
RASHAD MALEEK TRICE  
Defendant

I am Rashad Trice's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_3/21/24_  
Date

_____  
SHARON TUREK  
Attorney for Defendant

_3/21/24_  
Date

_____  
HELEN C. NIEUWENHUIS  
Attorney for Defendant

_3-20-24_  
Date

_____  
SCOTT GRAHAM  
Attorney for Defendant

10